
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AAKASH DALAL,<br><br>   *Plaintiff*,<br><br>v.<br><br>CLEARVIEW AI, INC,<br><br>   *Defendants*. | Civil Action No. 2:24-cv-10380-SDW-AME |

**DEFENDANT CLEARVIEW AI, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

        **GORDON REES SCULLY MANSUKHANI LLP**

        Ronald A. Giller
        Amber N. Dailey
        290 W Mt. Pleasant Ave., Suite 3310
        Livingston, New Jersey 07039
        Telephone: (973) 549-2500
        Facsimile: (973) 377-1911
        Email: rgiller@grsm.com
            adailey@grsm.com

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

    A.    Background ................................................................................................. 2

    B.    Clearview AI, Inc. ....................................................................................... 3

LEGAL ARGUMENT .................................................................................................................3

    I.    THIS COURT LACKS PERSONAL JURISDICTION OVER CLEARVIEW ................................................................................................ 3

        A.    There is no general jurisdiction over Clearview ........................................6

        B.    There is no specific jurisdiction over Clearview ........................................6

CONCLUSION .............................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017)...................................................................................................4

*Boyd v. Arizona*,
  469 F. App'x 92 (3d Cir. 2012).......................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
  137 S. Ct. 1773 (2017)............................................................................................4, 5, 6

*Carteret Savings Bank, FA v. Shushan*,
  954 F.2d 141, 146 (3d Cir.1992)....................................................................................3

*Christie v. Nat'l Inst. for Newman Studies*,
  258 F. Supp. 3d 494 (D.N.J. 2017) .................................................................................6

*DeJames v. Magnificence Carriers, Inc.*,
  654 F.2d 280 (3d Cir. 1981)............................................................................................4

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
  623 F.3d 147 (3d Cir. 2010)............................................................................................4

*Goodyear Dunlop Tire Ops., S.A. v. Brown*,
  564 U.S. 915 (2011).........................................................................................................5

*Jardim v. Overley*,
  461 N.J. Super. 367 (App. Div. 2019) ............................................................................5

*Metropolitan Group Property and Casualty Insurance Co. v. Electrolux,* ...................................6
  No. 17-cv-11865, 2018 WL 2422023 (D. N.J. May 29, 2018)

*Myers v. American Dental Ass'n*,
  695 F.2d 716, 724 (3d Cir.1982).....................................................................................3

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004).............................................................................................4

*North Penn Gas Co. v. Corning Natural Gas Corp.*,
  897 F.2d 687 (3d Cir.1990)............................................................................................4

*Packard v. Provident Nat'l Bank*,
  994 F.2d 1039 (3d Cir.1993)..........................................................................................3

**Court Rules**

Fed. R. Civ. P. 4(e) ...................................................................................................................4

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................................................4

**PRELIMINARY STATEMENT**

This case arises out of Plaintiff's New Jersey common law and New Jersey Consumer Fraud Act claims against Clearview AI, Inc., including counts for invasion of privacy by appropriation of name and likeness, unjust enrichment, and conspiracy, all related to the alleged use of Clearview's software and biometric database. Plaintiff alleges that images of his face were uploaded by others to various websites on the internet, and his biometrics were collected, stored, and disseminated by Clearview's database without his permission.

Plaintiff cannot maintain his claims in this case primarily because this Court lacks personal jurisdiction over Clearview, as it has no connection to New Jersey. General jurisdiction is lacking because Clearview, at all times relevant to this case, is and has been a Delaware corporation with it principal mailing in New York and its principal decision-maker in California. The claims pled against Clearview erroneously allege that it does extensive business in Essex County, New Jersey, including the hosting of its data servers and the sale and use of its software to private businesses and law enforcement. To the contrary, Clearview does not conduct extensive business in New Jersey. Furthermore, the Complaint fails to plead any facts that Clearview committed an act in New Jersey that would subject it to specific jurisdiction. Clearview lacks any relevant contacts in New Jersey. Clearview's biometric database is not stored on any servers in New Jersey. Moreover, Clearview has not sold access to its database to law enforcement agencies or businesses in New Jersey. Here, both general and specific jurisdiction are lacking against Clearview.

For these reasons, Clearview respectfully requests that this Court dismiss Plaintiff's Complaint.

## **PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint on September 17, 2024, in the Superior Court of New Jersey, Essex County Vicinage. As of the date of this filing, Clearview has not been properly served and only received a copy of the Complaint by mail. On November 8, 2024, Clearview filed a Notice of Removal before this Court, pursuant to 28 U.S.C. §§§ 1332, 1441 and 1446. On November 14, 2024, Clearview filed an application to extend its time to answer the complaint by two weeks, which was granted.

## **STATEMENT OF FACTS**

**A.      Background**

Plaintiff is allegedly a resident of Bridgeton, New Jersey. *See* Exhibit A, Complaint ¶ 3. Plaintiff alleges that he was member of the class action lawsuit, In Re: Clearview AI, Inc. Consumer Privacy Litigation, which raised claims for unjust enrichment and violations of state statutes based on Clearview's collection and sale of biometric data. *Id.* at ¶¶ 7-8. Plaintiff alleges he was a member of the suit because his images were uploaded on the internet. *Id.* at ¶ 8. Plaintiff further alleges that he determined the settlement was inadequate and he timely opted out of the settlement on July 30, 2024 by sending letters to the settlement administrator requesting exclusion from the class action. *Id.* at ¶ 9.

Plaintiff alleges he uploaded photographs, containing images of his face that were taken in New Jersey to various websites, and his images were uploaded to various websites on the internet by others. Plaintiff states Clearview searched millions of websites for image files, and Plaintiff's biometrics are contained in Clearview's biometric database *Id.* at ¶ 21. Plaintiff alleges that he was never informed about the collecting and disseminating of his biometrics and never received consent allowing Clearview to collect, disclose and disseminate his biometrics.

2

*Id.* at ¶ 22. Plaintiff further states that he is being deprived of control over his biometrics. *Id.* at ¶ 26.

**B.     Clearview AI, Inc.**

At all relevant times, Clearview has been a Delaware corporation with a principal mailing address in New York. *See* Exhibit B, Affidavit of Thomas Mulcaire ("Mulcaire Aff."). Clearview's CEO and founder, Hoan Ton-That, is the company's principal decision-maker and he resides and works in California. *Id.,* ¶7. Clearview does not currently conduct its business in New Jersey and has not conducted business in the state since early 2020. *Id.,* ¶3. Clearview has not owned, leased, or rented any real property in New Jersey. *Id.,* ¶7. Notably, none of Clearview's offices, officers, employees, agents, representatives, and bank accounts are operated or maintained in New Jersey. *Id.*, ¶6. The corporation does not solicit nor advertise its business or any product or service for sale within New Jersey. *Id.,* ¶¶9-10. Moreover, Clearview does not sell any product or service directly in the state. *Id.,* ¶11. Furthermore, regarding its operations, Clearview's databases are not stored on servers within New Jersey, as its servers are located in Virgina. *Id.,* ¶4.

## LEGAL ARGUMENT

**I.     THIS COURT LACKS PERSONAL JURISDICTION OVER CLEARVIEW**

"Because federal courts are courts of limited jurisdiction, a presumption arises that they are without jurisdiction until the contrary affirmatively appears." *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir.1982). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir.1993). In other words, once a defendant raises the lack of personal jurisdiction as a defense, the burden to prove the existence of personal jurisdiction over the defendant shifts to the plaintiff. *Carteret Savings Bank, FA v. Shushan*, 954

3

F.2d 141, 146 (3d Cir.1992). The plaintiff may not rely on the pleadings to satisfy his burden but must establish a basis for personal jurisdiction through sworn affidavits or other competent evidence. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.1990). Thus, to maintain his claims against Clearview, it is Plaintiff's burden to first establish that this Court has jurisdiction over Clearview.

"The federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law." *Boyd v. Arizona*, 469 F. App'x 92, 97 (3d Cir. 2012) (citing *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010)); *see also* Fed. R. Civ. P. 4(e), 4(k)(1)(A). The New Jersey statute is "intended to extend as far as is constitutionally permissible." *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981); *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) ("New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution."). To establish jurisdiction, a plaintiff has the burden of showing that the defendant has sufficient contacts with the forum state such that the court's exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (internal quotation marks and citation omitted). Although the interests of the forum and the plaintiff's choice of forum are factors to be considered, the "primary concern is the burden on the defendant," and the primary focus of the "personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty*., 137 S. Ct. 1773, 1779 (2017) (internal quotation marks and citation omitted).

There are two types of personal jurisdiction that can be established by minimum contacts which comport with constitutional due process principles: general jurisdiction and specific

jurisdiction. *See Boyd*, 469 F. App'x at 97. General jurisdiction for a corporation is mainly determined by the place of incorporation and the principal place of business. *Metropolitan Group Property and Casualty Insurance Co. v. Electrolux Home Products, Inc.*, 17-CV-11865(PGS)(DEA), 2018 WL 2422023, *2 (D.N.J. May 29, 2018) (noting "it is incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.")(citation omitted).

On the other hand, specific jurisdiction requires a connection between the forum state and the specific claims at issue. *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1781 (2017). Specifically, there must be "an affiliation between the forum and the underlying controversy, principally, **[an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation**." *Id.* (quoting *Goodyear Dunlop Tire Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (emphasis added). That connection must be more than just that the plaintiff suffered harm in the forum. *Id.* And "[w]here there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* Thus, if all the conduct giving rise to the claims occurred elsewhere, there can be no specific jurisdiction. *Id.* at 1781–82. The existence of minimum contacts fundamentally turns upon whether the defendant engaged in "intentional acts ... to avail itself of some benefit [in the] forum state." *Jardim v. Overley*, 461 N.J. Super. 367, 378 (App. Div. 2019) (holding that a nonresident's internet sale of automobile to a New Jersey purchaser did not constitute purposeful availment for purposes of a minimum contacts analysis, despite awareness by nonresident that the purchaser resided in New Jersey, because nonresident did not specifically target New Jersey customers and the sale to the purchaser was a one-time transaction). Further to this point, where a defendant's "*only connection* to the forum is the plaintiff's location in the

5

forum," the "Third Circuit has held that specific jurisdiction cannot be exercised over defendants against whom intentional tort claims have been asserted." *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 502 (D.N.J. 2017) (citations omitted).

### A.  There is no general jurisdiction over Clearview

It is undisputed that Clearview is a Delaware corporation, with its principal mailing address in New York and its principal decision-maker, Hoan Ton-That, residing in California. Mulcaire Aff., ¶2. Clearview has no physical presence in New Jersey. *Id*., ¶3. The corporation has not conducted any, let alone extensive, business in New Jersey since early 2020. *Id*. Accordingly, there is no general jurisdiction over Clearview in New Jersey. *See Metropolitan Group Property and Casualty Insurance Co.,* 2018 WL 2422023, at *2.

### B.  There is no specific jurisdiction over Clearview

In this case, the alleged tortious conduct giving rise to Plaintiff's claims against Clearview took place in New Jersey, and specifically Essex County. Under applicable case law, the mere fact that Plaintiff allegedly suffered harm in New Jersey is not enough to establish specific jurisdiction. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781. Despite these allegations, Clearview never had contact with Plaintiff. In fact, Clearview does not have nor maintain any relevant contacts in New Jersey. The corporation does not operate any offices in the state, and does not own, lease, or rent any property within the state. In fact, Clearview has not directed any of its business activities towards New Jersey residents, New Jersey businesses, nor law enforcement in Essex County or any other county in New Jersey. Regarding its operations, Clearview does not engage in any business activities in New Jersey, including advertisement, solicitation, or sales of any product or service. Moreover, Clearview's databases are not stored on servers in New Jersey. Its servers are stored in Virgina. While Clearview's business website is arguably accessible to potential customers from New Jersey, its products cannot be purchased

6

directly from the website. Most notably, the website does not specifically target New Jersey residents nor target any sales in New Jersey.

Clearview has not purposefully availed itself of the benefits of doing business in New Jersey. The corporation is not based in New Jersey and has no minimum contacts in New Jersey. *See generally* Mulcaire Aff. The only connection to this forum is Plaintiff's residence (and the New Jersey Consumer Fraud Act claim, alleged as Count 4 in his Complaint), which under applicable case law, cannot come close to establishing specific jurisdiction over Clearview.

Accordingly, since this Court does not have personal jurisdiction over Clearview, the Complaint against Clearview must be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's claims cannot be maintained against Clearview based on this Court's lack of personal jurisdiction. Accordingly, Clearview respectfully requests that this Court dismiss Plaintiff's Complaint.

Dated: November 26, 2024

                Respectfully submitted,

                GORDON REES SCULLY MANSUKHANI, LLP

                */s/ Ronald A. Giller*
                Ronald A. Giller, Esq.
                Amber N. Dailey, Esq.
                *Attorneys for Defendant Clearview AI, Inc.*