# EXHIBIT A

Aakash Dalal
SBI# 792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*

| | |
|---|---|
| AAKASH DALAL,<br><br>Plaintiff,<br><br>Vs.<br><br>CLEARVIEW AI, INC., et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY VICINAGE<br>LAW DIVISION – CIVIL PART<br><br>Docket No.: ESX-L-6437-24<br><br>**CIVIL ACTION**<br>**SUMMONS** |

From the State of New Jersey to the Defendant Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ *Michelle M. Smith*
Clerk of the Superior Court

DATED: September 25, 2024
Name of the Defendant to Be Served: **Clearview AI, Inc.**
Address of Defendant to Be Served: **99 Wall Street #5730, New York, NY 10005**

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK                          NJ 07102

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS 8:30 AM - 4:30 PM

                         TRACK ASSIGNMENT NOTICE

                    DATE:    SEPTEMBER 18, 2024
                    RE:      DALAL AAKASH VS CLEARVIEW AI, INC
                    DOCKET:  ESX L  006417 24

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON ALDO J. RUSSO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT: (973) 776-9300 EXT 57110.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:
                                AAKASH DALAL
                                SOUTHWOODS STATE PRISON - 79/652E
                                215 BURLINGTON ROAD SOUTH
                                BRIDGETON            NJ 08102

ECAMIS

Aakash Dalal
SBI# 792652E
215 Burlington Road South
Bridgeton, NJ 08302
Plaintiff, *pro se*

FILED
SEP 17 2024
Superior Court of New Jersey
Law Div - Essex Vicinage

AAKASH DALAL,

    Plaintiff,

Vs.

CLEARVIEW AI, INC., ABC
Corporations 1-200, and John Does 1-200,

    Defendants.

SUPERIOR COURT OF NEW JERSEY
ESSEX COUNTY VICINAGE
LAW DIVISION – CIVIL PART

Docket No.: L-6437-24

CIVIL ACTION

**COMPLAINT**

## JURISDICTION & VENUE

1. The Superior Court of New Jersey has jurisdiction as this action is brought pursuant to claims arising under New Jersey common law and the New Jersey Consumer Fraud Act, N.J.S. 56:8-1 *et seq.*

2. Venue in the Essex County Vicinage is proper pursuant to R. 4:3-2(a)(3) as Defendant Clearview AI, Inc. does extensive business in Essex County, including the hosting of its data servers, and the sale and use of its software by businesses and law enforcement in Essex County.

## PARTIES

3. Plaintiff Aakash Dalal ("Plaintiff") is a resident of Bridgeton, New Jersey.

4. Defendant Clearview AI, Inc. ("Clearview AI") is a Delaware corporation with its principle executive offices in New York that does extensive business in New

Jersey. Clearview AI's biometric database is stored on servers located in New Jersey.

5. Defendants ABC Corporations 1-200 are yet unknown corporations that have purchased software and access to a biometrics database from Clearview AI and utilized the same.

6. Defendants John Does 1-200 are yet unknown law enforcement officers or agencies that have purchased software and access to a biometrics database from Clearview AI and utilized the same.

## STATEMENT OF FACTS

### The Clearview AI, Inc. Consumer Privacy Litigation

7. On June 21, 2024, the Hon. Sharon Johnson Coleman, U.S.D.J. of the United States District Court for the Northern District of Illinois preliminarily approved a settlement in the class action lawsuit of <u>In Re: Clearview AI, Inc. Consumer Privacy Litigation</u>, Case No. 1:21-cv-00135. The class action lawsuit raised claims for unjust enrichment and violations of state statutes based on Clearview AI's unlawful collection and sale of biometric data. The settlement, valued at $50 million, provided for one share of stock in the company to all class members, except for those in Illinois, New York, Virginia, and California, who will receive varying amounts of shares.

8. As a result of Plaintiff's uploading of his images to the internet and others uploading his images to the internet, he was a member of the class in the aforementioned lawsuit.

2

9. On July 30, 2024, Plaintiff determined that the settlement was inadequate and timely opted out of the settlement by sending letters via certified and regular U.S. mail to the settlement administrator requesting exclusion from the class action.

## Biometric Identifiers

10. Every individual has unique features by which he or she can be identified using a set of standard quantitative measurements, commonly referred to as "biometric identifiers". As an example, the shape of and distance between tiny ridges on each person's finger are unique, so measures of those features can be used to identify a specific individual as the person who made a fingerprint.

11. Each person also has a unique facial geometry composed of numerous measurements, including distances between key facial features and ratios between those distances. After an image of an individual's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time that person's face appears on the internet, in a scanned picture, or in footage from any of the billions of cameras that are constantly monitoring the public's daily lives.

12. Unlike fingerprints, however, facial biometrics are readily observable and present a danger to privacy, individual autonomy, and liberty.

## Clearview AI's Unlawful Biometric Database

13. Clearview AI has, during and between 2017 and present, collected, captured, and obtained biometrics from more than three billion images it has covertly scraped from the internet. This includes Plaintiff's biometrics, which Clearview AI has

3

incorporated into its searchable biometric database. Clearview AI continues to gather and maintain images of individuals, including Plaintiff, for its database.

14. Clearview AI has distributed, disseminated, sold, traded, leased, and otherwise profited from the biometrics it unlawfully collects, captures, and obtains. To date, Clearview AI has sold unfettered access to its vast biometric database to more than 7,000 individuals from approximately 2,000 law enforcement and government agencies, including John Does 1-200. Law enforcement agencies in New Jersey utilize Clearview AI's biometric database both directly and indirectly through other agencies, including the New York City Police Department.

15. Clearview AI has further sold unrestricted access to its biometric database to more than 200 private companies, many of which operate in New Jersey, including Defendants ABC Corporations 1-200. Law enforcement officers John Does 1-200 and ABC Corporations 1-200 have frequently queried and continue to query Clearview AI's biometric database for their own purposes, including to identify particular individuals appearing in photographs and videos in their possession. ABC Corporation 1-200 have increased their profits through the use of Clearview AI's software and biometric database.

16. Each time Clearview AI's private clients queried the biometric database, Clearview AI's algorithms compared the facial geometry of the subject appearing in the chosen picture or video against the facial geometry of each of the hundreds of millions of people appearing in the database, including Plaintiff's.

17. By obtaining and querying the database, Defendants John Does 1-200 and ABC Corporations 1-200 necessarily obtained, accessed, and used all of the biometrics in that database, including Plaintiff's.

18. Clearview AI, ABC Corporation 1-200, and John Does 1-200 have failed to provide Plaintiff any remuneration or benefit for their use of his biometric data.

19. At relevant times, Clearview AI failed to store and protect from disclosure the highly sensitive biometrics in its database: (a) using the reasonable standard of care within Clearview AI's industry; and (b) in a manner that was the same or more protective than the manner in which Clearview AI stored and protected other confidential and sensitive information.

20. Evidence of Clearview AI's deficient security practices includes the fact that its electronic systems were hacked on at least two occasions in 2020. In one instance, hackers obtained Clearview AI's customer list. In the other, hackers obtained access to a "misconfigured server" that exposed Clearview's internal files, applications, and source code to anyone on the internet. The misconfigured server allowed anyone to run Clearview AI's software and access the biometrics database that contained the sensitive biometrics of millions of Americans, including Plaintiff.

**Clearview AI's Collection of Plaintiff's Biometrics & Injuries**

21. At relevant times, Plaintiff uploaded from New Jersey to various websites on the internet photographs taken in New Jersey and containing images of his face. Further, at relevant times, photographs taken in New Jersey containing images of Plaintiff's face were uploaded by others to various websites on the internet. In

5

creating its biometric database. Clearview AI searched millions of websites on the internet for image files. Plaintiff's biometrics are contained in Clearview AI's biometric database.

22. Clearview AI, ABC Corporations 1-200, and John Does 1-200 (a) never informed Plaintiff in writing or otherwise of the purpose for which it was collecting, capturing, obtaining, purchasing, disclosing, redisclosing, and disseminating his biometrics; and (b) never sought, nor received, a written release or other consent from Plaintiff that allowed Clearview AI, ABC Corporations, and John Does 1-200 to collect, capture, obtain, purchase, disclose, redisclose, and disseminate Plaintiff's biometrics.

23. Plaintiff never consents, agreed, or gave permission—written or otherwise—to Clearview AI, ABC Corporations 1-200, and John Does 1-200 for the collection or storage of his unique biometrics. Indeed, prior to the preliminary approval of the settlement in the underlying class action lawsuit on June 21, 2024, Plaintiff had no idea or knowledge that Clearview AI was in possession of his photographs and biometric data.

24. Furthermore, Clearview AI never provided Plaintiff with an opportunity to prohibit or prevent the collection, storage, use, or dissemination of his unique biometric data.

25. As a result of Clearview AI's, ABC Corporations 1-200's, and John Does 1-200's unlawful conduct, Plaintiff has already sustained injuries and faces many more imminent and certainly impending injuries, which injuries he will continue to suffer.

26. Defendants Clearview AI's ABC Corporations 1-200's, and John Does 1-200's unlawful conduct has resulted in, among other things, (a) Plaintiff's unique biometrics being collected, captured, obtained, purchased, disclosed, redisclosed, and otherwise disseminated without the requisite notice having been given and without the requisite releases or consents having been obtained, and (b) Plaintiff being deprived of control over his biometrics.

27. To this day, Plaintiff does not know which, or how many, individual or entities have received, obtained, purchased, received through trade, accessed, stored, disclosed, redisclosed, other otherwise made use of Plaintiff's biometrics, exposing him to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering, and other invasions of privacy. Facial Recognition Tech: 10 Views on Risks and Rewards, https://www.forbes.com/sites/forbestechcouncil/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c.

28. As a result of the Defendants' misconduct, Plaintiff has no recourse for the fact that his biologically unique information has been compromised. Moreover, Plaintiff is likely to withdraw from biometric-facilitated transactions and other facially-mediated electronic participation in the future.

## STATEMENT OF CLAIMS

### COUNT I:
### INVASION OF PRIVACY BY APPROPRIATION OF NAME AND LIKENESS

29. Plaintiff again alleges and incorporates by reference all previous paragraphs set forth above in this complaint.

30. During and between 2017 and present, Defendants Clearview AI, ABC Corporations 1-200, and John Does 1-200 invaded Plaintiff's privacy by appropriating his name and likeness, i.e., his images, without his consent, for their own commercial use and benefit, thereby causing Plaintiff harm and damages, including depriving him of the exclusive right to control commercial exploitation of his images.

### COUNT II:
### UNJUST ENRICHMENT

31. Plaintiff again alleges and incorporates by reference all previous paragraphs set forth above in this complaint.

32. During and between 2017 and present, Defendants Clearview AI, ABC Corporations 1-200, and John Does 1-200 knowingly received a benefit—specifically, monetary gain, at Plaintiff's expense, and the Defendants' retention of that benefit without payment or compensation is unjust.

## COUNT III:
## CONSPIRACY

33. Plaintiff again alleges and incorporates by reference all previous paragraphs set forth above in this complaint.

34. During and between 2017 and present, Defendants Clearview AI, ABC Corporations 1-200, and John Does 1-200 agreed that one or more of them would engage in conduct that would constitute an invasion of Plaintiff's right to privacy by means of appropriation of his name and likeness for their commercial benefit and resulting in their unjust enrichment.

## COUNT IV:
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

35. Plaintiff again alleges and incorporates by reference all previous paragraphs set forth above in this complaint.

36. During and between September 2017 and present, Defendants Clearview AI and ABC Corporations 1-200 knowingly and intentionally employed unconscionable commercial practices, specifically by harvesting Plaintiff's biometric data, without his consent, and selling it and using it for profit, thereby causing Plaintiff an ascertainable loss.

37. Defendants therefore violated the New Jersey Consumer Fraud Act, N.J.S. 56:8-2, and is liable for damages under N.J.S. 56:8-2.11 and N.J.S. 56:8-19.

9

## DEMAND FOR RELIEF

ACCORDINGLY, Plaintiff petitions this Court for judgment as follows:

a) Finding that Defendants Clearview AI, Inc., ABC Corporations 1-200, and John Does 1-200 committed the acts or omissions set forth in this Complaint;

b) Finding that such acts or omissions constitute violations of the New Jersey Consumer Fraud Act, N.J.S. 56:8-2.

c) Granting Plaintiff appropriate equitable relief, including preliminary and permanent injunctive relief barring Defendant from engaging in the tortious conduct and unconscionable commercial practices outlined in this Complaint; specifically, requiring Defendants to delete all photographs and biometrics of Plaintiff and cease further collection of photographs and biometrics of Plaintiff.

d) Granting Plaintiff compensatory damages in an amount to be determined by a jury;

e) Granting Plaintiff treble damages in accordance with N.J.S. 56:8-19.

f) Granting Plaintiff punitive damages of no less than $350,000;

g) Granting Plaintiff nominal damages;

h) Granting Plaintiff reasonable attorneys' fees, expenses, and costs in accordance with N.J.S. 56:8-19; and

i) Affording Plaintiff any other relief deemed just and appropriate by the Court.

## JURY TRIAL DEMAND

Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

## RULE 4:5-1(b)(2) CERTIFICATION

I certify that Plaintiff in this matter has not initiated any other civil action in any court of this State against Defendant and is not now engaged in any arbitration proceeding against Defendant, nor is any other civil action or arbitration proceeding contemplated. I certify that Plaintiff is not aware of any other party who should be joined in this action at the current time.

## DESIGNATION OF TRIAL COUNSEL
## (R. 4:5-1(c))

Plaintiff Aakash Dalal is hereby designated as trial counsel for this matter.

Aakash Dalal
Plaintiff, *pro se*

Dated:       September 10, 2024

11



# New Jersey Judiciary
## Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | | |
|---|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Aakash Dalal SBI# 792652E | ext. | Essex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | L-6437-24 |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 215 Burlington Road South | Bridgeton | NJ | 08302 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Aakash Dalal, Plaintiff | Aakash Dalal v. Clearview AI, Inc. |

Case Type Number (See page 3 for listing) 606

| | Yes | No |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ☐ Yes | ■ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ■ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ■ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |
|---|---|---|

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?   ☐ Yes   ☒ No
If "Yes," is that relationship:
☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees by the losing party?   ☒ Yes   ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.




♿ Do you or your client need any disability accommodations?   ☐ Yes   ☒ No
   If yes, please identify the requested accommodation:

Will an interpreter be needed?   ☐ Yes   ☒ No
   If yes, for what language?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Attorney/Self-Represented Litigant Signature: _____